[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10994
Non-Argument Calendar

_____

D.C. Docket No. 0:16-cr-60340-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO LAURETI,

Defendant-Appellant.

_____

No. 20-11099
Non-Argument Calendar

_____

D.C. Docket No.  0:16-cr-60340-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO LAURETI,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(June 11, 2021)

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Marco Laureti, a federal prisoner proceeding *pro se*, appeals the district court's orders denying (1) his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A); (2) his motion for reconsideration of the same; and (3) his motion to correct the record pursuant to Federal Rule of Criminal Procedure 36. He raises two arguments on appeal. First, he argues that the district court erred in denying his motion for compassionate release and its reconsideration because it improperly conflated "custody" with "caregiver" when finding that he failed to establish extraordinary or compelling reasons for his release. Second, he argues that the district court erred in finding that it lacked authority to change portions of his presentence investigation report ("PSI") on the grounds that his proposed modifications were untimely.

2

I

We review the denial of an eligible movant's request for a reduced sentence solely for an abuse of discretion. *See United States v. Jones,* 962 F.3d 1290, 1296 (11th Cir. 2020). We also review the denial of a motion for reconsideration solely for an abuse of discretion. *United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir. 2018).

An abuse of discretion occurs when a district court (1) does not apply the correct legal standard, (2) applies the law in an incorrect or unreasonable fashion, (3) fails to follow proper procedures in making a determination, or (4) makes clearly erroneous findings of fact. *United States v. McLean*, 802 F.3d 1228, 1233 (11th Cir. 2015). A factual finding is not clearly erroneous if it represents a choice between two permissible views of the evidence. *United States v. Ndiaye*, 434 F.3d 1270, 1305 (11th Cir. 2006). *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and must be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In 2018, Congress enacted the First Step Act, which amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners. *See* First Step Act § 603. Specifically, the statute provides that:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted

all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i).

In determining whether such extraordinary and compelling circumstances exist, the district court must consider the § 3553(a) factors and find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* § 3582(c)(1)(A). Section 3553(a) requires the district court to consider the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(1)–(2).

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, which states that the court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), before it can determine whether extraordinary and compelling reasons exist. *See* U.S.S.G. § 1B1.13; *id.*, comment. (n.1). Section 1B1.13 lists several examples of extraordinary and compelling reasons for release, including

the death or incapacitation of the caregiver of the defendant's minor child. *Id.*, comment. (n.1(C)).

Here, the district court did not abuse its discretion in denying Laureti's motion for compassionate release, either initially or on reconsideration, because Laureti failed to meet his burden of showing that his former mother-in-law was incapable of providing care for his minor children or that he was the only available alternative caregiver, such that it would be unreasonable not to find an extraordinary circumstance warranting compassionate release. We therefore affirm as to this issue.

II

We review *de novo* the district court's application of Federal Rule of Criminal Procedure 36. *United States v. Davis*, 841 F.3d 1253, 1261 (11th Cir. 2016). Rule 36 states that the district court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission. Fed. R. Crim. P. 36. Rule 36 cannot be used to make substantive alterations to a criminal sentence. *Davis*, 841 F.3d at 1261. Rule 36 covers only minor or uncontroversial errors, and a district court has no authority to correct a defendant's PSI where the corrections are aimed at remedying errors of law or fact, rather than mere transcription. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004). Substantive objections to the PSI

5

must be raised within 14 days of the party's receipt of it.  *See* Fed. R. Crim. P. 32(f).

Here, the district court did not err in denying Laureti's motion under Rule 36 because his modifications to the PSI were substantive changes, not merely transcription corrections.  Specifically, Laureti sought to change information used within the PSI to support his offense description, personal characteristics, and ability to pay.  Laureti failed to request these substantive modifications within 14 days of receiving his PSI, and thus they were untimely raised.  We therefore affirm as to this issue as well.

**AFFIRMED.**[1]

---

[1]    The pending motion with respect to the misfilings is denied as moot.